**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ROSEMARY TKACZYK,** | **COMPLAINT FOR DAMAGES** |
| Plaintiff, | Case No. 1:22-cv-_____ |
| v. | |
| **HOOVERT & ASSOCIATES INC.,** **VERRAZANO GARDEN APTS. INC.,** **JOHN HOOVERT,** an individual, and **ANTHONY HOOVERT,** an individual, | **JURY TRIAL REQUESTED** |
| Defendants. | |

## INTRODUCTION

1. Plaintiff Rosemary Tkaczyk worked as a building superintendent for Defendants' 38-unit apartment complex from 2008 until Defendants fired her by letter dated September 11, 2022, after (and in response to) receiving a letter from Plaintiff's counsel regarding her allegations of underpaid wages coupled with an invitation to explore resolution of her claims. In addition to firing her, they have indicated that she must vacate the space she has been occupying for many years by the end of September.

2. As alleged more fully below, for over a decade Defendants significantly underpaid Plaintiff for her work, and then in April 2021 completely stopped paying her any cash wages at all.

3. To challenge her wage violations, Plaintiff brings this action, by and through her attorneys, against Defendants Hoovert & Associates Inc., Verrazano Garden Apts. Inc., John Hoovert, an individual, and Anthony Hoovert, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law, Art. 19 (hereinafter, "NYLL"). Plaintiff also brings conversion, unjust enrichment and breach of contract claims based on these underpayments.

4. Plaintiff further alleges that Defendants violated the anti-retaliation provisions of the FLSA and/or NYLL by terminating her in response to her complaints regarding her employer's wage and hour violations, in addition to taking adverse actions against her in attempt to force her and her family to leave.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

7. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' building complex located at 1083 Tompkins Ave, Staten Island, NY 10309 and one or more of the Defendants named herein resides in this district.

## PARTIES

### Corporate Defendants

8. Defendant **Hoovert & Associates Inc.** is a New York corporation doing business within Richmond County, and whose principal place of business is located at 4410 3rd Avenue, Brooklyn, NY 11220. Its DOS Process agent is listed with the NYS Department of State as "The Corporation" at the same address. Its Chief Executive Officer is listed as John Hoovert at the same address.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 2

9. Defendant **Verrazano Garden Apts. Inc.** is a New York corporation doing business within Richmond County, and whose principal place of business is located at 1081 Tompkins Ave., Staten Island, NY 10305.  Its DOS Process agent is listed with the NYS Department of State as "The Corporation" with an address of 23 West 31st St, New York City, NY, 10001. Its Chief Executive Officer is listed as Theresa Wohr at the same address.

10. Defendant Verrazano Gardens Apts. Inc. owns the building in question, located at 1081 Tompkins Ave in Staten Island.

11. Plaintiff has received W-2's from Verrazano Garden Apts. Inc.

12. Defendant Hoovert & Associates Inc. operates and/or manages the apartment complex in question located at 1081 Tompkins Ave in Staten Island.

13. Defendants Hoovert are the owners of Defendant Hoovert & Associates

14. Defendant Anthony Hoovert was the signatory of a written list of rules and guidelines related to expectations of tenants, that Plaintiff received.

15. At all relevant times, the entities had annual gross revenues in excess of $500,000.

16. At all relevant times, Defendants have been engaging in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17. At all times material to this action, Defendants have been subject to the FLSA and were "employers" of the Plaintiff, as defined by § 203(b) of the FLSA.


**Individual Defendants**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 3

18. Defendant John Hoovert, an individual, resides in Richmond County, upon information and belief.

19. Defendant Anthony Hoovert, an individual, resides in Richmond County, upon information and belief.

20. Defendant John Hoovert is Defendant Anthony Hoovert's father.

21. At all times material to this action, Defendants John and Anthony Hoovert have both actively participated in the business of the building and its management. They both exercised substantial control over the functions of the company's employees, including Plaintiff.

22. Defendant John Hoovert started and ran Hoovert & Associates and then eventually his son, Defendant Anthony Hoovert, joined him as a co-owner and supervisor of the subject building. Both of them have the power to hire and fire, set rates of pay, and direct employees' activities; they are both the Plaintiff's "bosses."

23. Defendant John Hoovert was the individual who signed the Plaintiff's termination letter.

24. At all times material to this action, each Defendant was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Rosemary Tkaczyk**

25. Plaintiff Rosemary Tkaczyk is a resident of Staten Island, New York, which is in Richmond County.

26. Plaintiff Rosemary Tkaczyk started living in the Verranzano Garden Apartments approximately three decades ago.

27. Plaintiff started working as a building superintendent and resident manager for the apartments on February 1, 2009 (or thereabouts), and held that position until she was terminated by a letter dated September 11, 2022.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 4

28. At all times material to this action, Plaintiff Tkaczyk was an "employee" within the meaning of 29 U.S.C. § 203(e) and the NYLL.

29. Under New York law, buildings of "nine or more dwelling units" are required to have a resident janitor. NYC Admin Code § 27-2052 to-2054. According to this law, janitors are responsible for "Cleaning and maintenance, including the making of minor repairs; the furnishing of heat and hot water, where supplied from a central source; the removal of garbage, refuse, ashes and wastes from the premises; and the removal of snow, ice, dirt and other matter from the sidewalk and gutter."

30. As a Resident Manager, Plaintiff's duties and responsibilities were that of a janitor and resident manager.

31. Defendants posted signs in the building indicating that Plaintiff was the building superintendent and was the point of contact should the tenants have any needs.

32. For her work, Defendants paid Plaintiff $12,000 per year from the start of her employment in 2009 until 2018, when it increased to $22,000 per year.

33. In April, 2021, Defendants stopped paying her any cash wages at all.

34. Defendants did nothing to keep track of Plaintiff's hours worked.

35. Plaintiff estimates she spent about 15-20 hours a week actively performing the standard duties of a building super such as taking out trash and recycling, maintaining common areas, distributing monthly rent envelopes, and handling snow removal when needed.

36. In addition to her active "janitor" work, she was also "on call" essentially at all times. She was expected to be available to respond to tenant complaints and other building related issues at all times, both day and night, and in fact did respond to various issues, as the needs arose.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 5

37. Defendants would bear the burden of proof to show which hours of the day, if any, would be non-compensable. See 29 C.F.R. § 785.15-23 (regarding various issues concerning compensability of time including on-call time, sleep time and situations in which the employee resides on premises).

38. Assuming some or all of the time outside of her "active" work was also considered compensable work time by law, Plaintiff regularly "worked" more than 40 hours a week most if not all weeks of her employment.

39. At no point did Defendants pay the Plaintiff "overtime" pay (i.e. at a rate of one and one half times a "regular rate") *per se*.


## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

40. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Minimum Wage*

41. Defendants failed to pay Plaintiff the minimum wage for all hours she worked, in violation of the FLSA.

42. The clearest example of failure to pay minimum wage occurred in 2022 when Defendants did not pay her any wages at all.

43. However, even before that, depending on how many hours a day would be considered compensable, she also may have been paid under the applicable minimum wage rate.

44. For example, when she was being paid $22,000 per year, dividing that by 52 weeks yields $423.08 per week. If it were to turn out that all 168 hours a week were

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 6

compensable, her effective rate would have been $2.52 per hour. If it were to turn out that the employer were credited with 8 hours of sleep a night, leaving 112 hours a week of compensable time, her effective rate would have been $3.77 per hour.

***Failure To Pay Time Overtime Properly***

45. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

***Improper Deductions for "Board, Lodging, or Other Facilities"***

46. Defendants *de facto* made improper deductions to Plaintiff's pay for "board, lodging, or other facilities" in contravention of 29 U.S.C. § 203(m), 29 C.F.R. §§ 531.29-33.

47. At least from April 2022 on, Defendants attempted to claim that the apartment she lived in was her compensation for her work. However, her living in the apartment was for the Defendants' benefit (as it is a legal requirement that the building superintendent live on premises) and, more importantly, they did nothing to comply with the regulations regarding these kinds of deductions such as notice, computation of the cost (which is different from the market value), etc.

48. As such, to the extent the Defendants were to attempt to use the apartment as an offset to her cash wages owed, this would not be permissible.

***Record-Keeping Failures***

49. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

***Willful & Not Based On Good Faith & Entitlement to Damages***

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 7

50. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

51. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

52. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid minimum wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**NEW YORK LABOR LAW (NYLL) VIOLATIONS**

53. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

54. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure to Pay Wages*

55. Defendants failed to pay Plaintiff the wages she should have received for all the weeks she worked, in violation of NYLL §§ 191, 193, 198 and 663.

*Failure to Pay NYLL Building Service Industry Minimum Wages*

56. Defendants did not pay Plaintiff enough to be in compliance with the NYLL's building service industry requirements. NYCRR § 141.

57. Under state regulations, the "unit rate" that a building "janitor" can be paid is the following amount per unit per week. 12-CRR-NY § 141.1.2:

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 8

    a.   $7.00 on and after December 31, 2016;

    b.   $8.00 on and after December 31, 2017;

    c.   $9.00 on and after December 31, 2018;

    d.   $10.00 on and after December 31, 2019.

Regardless of quantity of hours worked,  Plaintiff should have been paid at least those amounts per week in order to satisfy these minimum wage requirements.

58. The amounts Defendants paid her were less than the amounts required under this provision, estimated as follows:

| | |
|---|---:|
| 2016 (9/19-12/31) 38 units x $6/unit/week x 14 weeks = $3192, paid ~$3500, so owed | $0 |
| 2017 38 units x $7/unit/week x 52 weeks = $13,832, minus $12,000 = | $1,832 |
| 2018 38 units x $8/unit/week x 52 weeks = $15,808, minus $12,000 = | $3,808 |
| 2019 38 units x $9/unit/week x 52 weeks = $ 17784, paid $22k so owed | $0 |
| 2020 38 units x $10/unit/week x 52 weeks = $ 19760, paid $22k so owed | $0 |
| 2021 (3 mos) 38 units x $10/unit/week x 13 weeks = $ 4940, paid $5500 so owed | $0 |
| 2021 (9 mos) 38 units x $10/unit/week x 39 weeks = $ 14,820, paid $0, owed | $14,820 |
| 2022 (through 9/11/22) 38 units x $10/unit/week x  36 weeks =  | $13,680 |
| **Total =** | **$34,140** |

### *Failure To Pay Minimum Wage & Overtime*

59. In the alternative, if Plaintiff were not a "janitor" as defined by the regulations, Defendants failed to pay Plaintiff the minimum wage for all hours she worked, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.3 and at a rate of one and one half times her normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.4

### *Failure To Pay Wages At Prescribed Frequency*

60. At no time during her employment was Plaintiff paid on a weekly basis.

61. Plaintiff was a "manual worker" as that term is defined in NYLL § 190(4).

62. Plaintiff was not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 9

***Failure to Provide Pay Stubs / Wage Notices***

63. Defendant failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b).

64. Defendant failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d).

***Record-Keeping Failures***

65. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

66. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

67. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

***Damages***

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 10

68. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover her unpaid wages, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action.  NY Lab. Code § 663(1).

**As And For A Third Cause of Action:**
**FLSA – RETALIATION**

69. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

70. Whereas normally Plaintiff would get paid twice a month, the Defendants ceased paying her completely starting April 2021, reasoning that she could no longer complete her job duties, and that her apartment would be her only "pay" going forward.

71. Nevertheless, Defendants continued to expect and demand that Plaintiff resume her same job duties without pay.

72. Plaintiff complained about the nonpayment on several occasions directly to John and Anthony Hoovert.

73. Plaintiff, through counsel, sent a demand letter to Defendants regarding the wage underpayments described herein, dated May 9, 2022.

74. Having no response, counsel sent a second letter dated June 17, 2022.

75. Counsel and Defendants had limited interactions thereafter, in which Defendants denied all wrongdoing.

76. Meanwhile Defendants engaged in a pattern of behavior designed to encourage Plaintiff to quit and vacate the premises, by threatening her, her livelihood, and her possessions. For example, even though she has lived there for several decades, all of a sudden Defendant John Hoovert threatened not only to take away the only home she has known

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*                                    Complaint
USDC, Eastern District of New York                                                    Page 11

for many years but told her that she could no longer use her own storage unit/shed that Plaintiff built decades ago (well before she was ever employed by Defendants) for storage, park her car at the building, or even do her laundry anymore.

77. By letter dated September 11, 2022, Defendants terminated Plaintiff's employment and demanded that she remove all of her belongings from their property by the end of the month.

78. Defendant John Hoovert threatened that all of her possessions would be forcefully removed from the property if she didn't leave, even though he had not commenced any formal eviction proceedings against her.

79. Pragmatically speaking, Defendants have made the Plaintiff as uncomfortable as possible since her and her family have started to protest against Defendants' treatment towards them.

80. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA.

81. Plaintiff's termination from employment was an adverse employment action.

82. Plaintiff's termination from employment was causally connected to her wage complaints.

83. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

84. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 12

**As And For A Fourth Cause of Action:**
**NYLL – RETALIATION**

85. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

86. As set forth above, Plaintiff engaged in an activity protected under NYLL § 215(2).

87. Plaintiff's termination from employment (and the threats and harassment leading up to it) was an adverse employment action.

88. Plaintiff's termination from employment was causally connected to her wage claim.

89. Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising protected rights.

90. As a result of these violations by Defendants of the FLSA, the Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

**As And For A Fifth Cause of Action:**
**CONVERSION**

91. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

92. By their deliberate underpayments of Plaintiffs' regular wages, Defendants committed theft of services.

93. For the civil aspect of this theft, Plaintiff is entitled to receive conversion damages in an amount to be determined at trial.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 13

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)     Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B)     Award Plaintiff liquidated damages in the amount of her unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C)     Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D)     Award Plaintiff appropriate damages for the retaliatory acts taken against her, including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(E)     Award Plaintiff conversion damages;

(F)     Award Plaintiff interest;

(G)     Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H)     Award such other and further relief as this Court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted, this **19th** day of **September, 2022**.

ANDERSONDODSON, P.C.

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 14

**Lenard Brumfield (LB 0411)**
*lbrumfield@andersondodson.com*
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tkaczyk v. Hoovert & Associates, Inc., et. al.*
USDC, Eastern District of New York

Complaint
Page 15

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on  9/19/2022       at            City. NEw York state NY
             _____              Signed in
                   (date)                  _____
                                           (city or other location, and state)


_____                   DocuSigned by:
  Rosemary Tkaczyk                          _____
_____                   D8234E0FE2D8462...
Printed Name of Plaintiff                  Signature of Plaintiff